**William CAVATAIO, Petitioner/Appellant,**

v.

**STATE of Missouri, DEPT. OF SOCIAL SERVICES, DIVISION OF CHILD SUPPORT ENFORCEMENT, Respondent.**

No. 68329.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 21, 1996.

Thomas P. Hohenstein, Emily A. Kirk & Tod J. Donoghue, Gallop, Johnson & Neuman, L.C., St. Louis, for Appellant.

Roya R. Hough, Department of Social Services, Division of Legal Services, Jefferson City, for Respondent.

CRANDALL, Judge.

William Cavataio (father) appeals from the judgment of the trial court which upheld, with minor modification, the decision of the Missouri Department of Social Services, Division of Child Support Enforcement (Department) which determined the amount of past-due child support owed by father [1]. We affirm.

The marriage of father and Carol Cavataio (mother) was dissolved in 1975. Mother was awarded custody of the three children born of the marriage and father was ordered to pay child support.

In October of 1993, father was behind in his child support payments. Department issued administrative orders seeking recovery of the arrearage. Thereafter, father requested an administrative hearing to challenge the accuracy of the amount of unpaid child support debt.

A hearing was held by telephone March 29, 1994. Father did not testify at the hearing. He later submitted documents from an earlier attempt by the Jefferson County prosecutor's office to collect back child support.

Mother testified at the hearing that all three children continually lived with her until they reached the age of 21 and that she never relinquished parental control.

The hearing officer's decision was issued June 23, 1994. It affirmed the Department's authority to issue the administrative order and social security compensation garnishment. The decision also found that father did not meet his burden of proving emancipation of his children. The hearing officer concluded father owed $28,280 in past due child support.

Next, father filed a petition for judicial review of the administrative decision. The Department, however, could not locate the tape recording of the hearing and could not prepare a transcript for the court. The parties agreed to remand the case to the original hearing officer for a new hearing.

A second hearing was held November 30, 1994. The parties stipulated to the summary of evidence contained in the original hearing decision. The hearing officer took administrative notice of the first decision, and admitted it into evidence at the second hearing. On December 8, 1994, the hearing officer issued her second decision, reaching the same results. On December 20, 1994, father filed a petition for judicial review of the second decision. The trial court affirmed the agency decision on March 31, 1995, with some minor corrections.

■ We first consider father's second point on appeal where he claims the trial court erred in upholding the decision of the Department because the record was insufficient for a meaningful review. Father cites to *Richeson v. Hunziker*, 349 S.W.2d 50 (Mo. 1961) in support of his position. *Richeson* was a wrongful death case arising out of an automobile accident in which the plaintiff received a jury verdict. *Id.* at 50–51. After trial, the court reporter died before preparing the transcript. *Id.* at 50. In lieu of the transcript, defendant prepared a narrative statement which plaintiff agreed could be taken as the transcript. *Id.* On appeal, the

---

1. Department's motion to strike the "Exhibit" and statistical information contained in footnote 5 of father's brief is sustained.

court reversed and remanded because the record was "nondescript and obviously inaccurate and incomplete...." *Id.* at 56.

Here, the same hearing officer reheard the case. The parties prepared the record in a manner specifically provided for by statute. Section 536.130.1(2), RSMo (1994) provides that the record on judicial review shall consist of: "an agreed statement of the case agreed to by all parties and approved as correct by the agency...." Father by his stipulation fully accepted the record and therefore waived any objection to it. In addition, the facts in this case are not complex. Father did not testify; his only evidence consisted of exhibits which were admitted into evidence. Unlike *Richeson*, our record is not so incomplete as to prevent meaningful review. Father's second point is denied.

Father's other points on appeal challenge the finding by the hearing officer that the children were not emancipated prior to statutory emancipation. Emancipation is never presumed and the burden is upon the party asserting it. *Sparks v. Trantham*, 814 S.W.2d 621, 624 (Mo.App.1991). Here, father failed to meet his burden, as a matter of fact. We find that the decision of the hearing officer is supported by competent and substantial evidence on the whole record; no error of law appears. An opinion on these points would have no precedential value. Father's remaining points are denied. Rule 84.16(b).

The judgment, as modified by the trial court, is affirmed.

CRAHAN, P.J., and DOWD, J., concur.